IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **INFINITE ALLAH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12CV00033 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*James A. DeVita, Arlington, Virginia, for Plaintiff; Lara K. Jacobs, Assistant Attorney General, Public Safety & Enforcement Division, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant.*

In this action for injunctive relief, in which an incarcerated state prisoner alleges violation of his religious freedom under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.A. § 2000cc through 2000cc-5 (West 2012), I will deny the defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

I

The plaintiff, a Virginia inmate, asserts that his prison's refusal to recognize his religion violates his rights under RLUIPA. The plaintiff, Allah, commenced

this action by filing a complaint,[1] to which the defendant, the Commonwealth of Virginia (the "Commonwealth"), responded by filing a motion to dismiss for failure to state a claim.  Allah then filed an amended complaint, and in response, the Commonwealth again moved to dismiss, contending that Allah's claimed religion is not actually a religion, but a gang, and thus is not entitled to protection under RLUIPA.  In the alternative, the Commonwealth argues that even if Allah's claimed religion were entitled to protection under RLUIPA, the restrictions placed upon Allah's religious practice would be the least restrictive means of furthering the compelling governmental interest in prison security.

The following facts are taken from the Amended Complaint, and I must accept them as true in deciding the present motion.  Allah is currently incarcerated at Wallens Ridge State Prison ("Wallens Ridge"), which is located in this judicial district in Big Stone Gap, Virginia.[2]  He is a member of a group called the Nation

---

[1] Allah filed an earlier action based on the same facts and alleging violation of his rights under RLUIPA, the First Amendment, and 42 U.S.C.A. § 1983.  In response to the Commonwealth's motion for summary judgment, Allah conceded that sovereign immunity barred his § 1983 claim, and I granted summary judgment in favor of the Commonwealth on the First Amendment claim.  *Allah v. Virginia*, No. 2:10CV00075, 2011 WL 251214 (W.D. Va. Jan. 25, 2011).  Shortly before trial was scheduled to begin on the remaining RLUIPA claim, the parties stipulated to a voluntary dismissal of the case without prejudice.

[2] Elsewhere in the Amended Complaint, Allah alleges that he is incarcerated at Sussex II State Prison in Waverly, Virginia.  Both prisons are operated by the Virginia Department of Corrections ("VDOC"); however, Sussex II State Prison is located in the Eastern District of Virginia.  The parties appear to assume throughout their briefs that

of Gods and Earths ("NGE").  Allah filed a Request for Recognition of Religious Group with Wallens Ridge on June 10, 2010, but to date, Wallens Ridge and the VDOC have failed to recognize the NGE as a religious group and have refused to permit incarcerated NGE members to meet and hold religious services.

Allah alleges that Wallens Ridge and the VDOC have prevented him from: (1) meeting with other members of his religion; (2) wearing religious clothing; (3) praying with others; (4) fasting or following a religious diet; and (5) receiving copies of a religious newspaper or possessing NGE materials without being subject to disciplinary action.  According to Allah, he is forced to choose between engaging in religious activities and incurring disciplinary charges; thus, the Commonwealth's actions put pressure on Allah to modify his behavior and violate his beliefs, creating a substantial burden on his free exercise of religion.  Allah asserts that Wallens Ridge and the VDOC have essentially placed a complete ban on all of his religious activity.

Allah asserts that the NGE is not and has never been a gang.  He has been a member of the NGE since 2002 and has been incarcerated at five different VDOC institutions, yet he has not engaged in any gang activity.  To his knowledge, no NGE member with whom he is personally familiar has engaged in any gang activity since 2002.  Therefore, Allah avers that the NGE does not pose a security

---

Allah is in fact residing at Wallens Ridge.  Because the Commonwealth has not objected to venue, I will assume the same for purposes of deciding the motion to dismiss.

threat. Allah alleges that the actions of prison officials violate RLUIPA and he requests an injunction directing the VDOC to recognize the NGE as a religious group and to permit Allah and other NGE members to meet and conduct religious services.

The Commonwealth asserts that as a matter of law the NGE is not a religion. Therefore, the Commonwealth argues that Allah's Amended Complaint should be dismissed because it fails to state a claim under RLUIPA. The motion to dismiss has been fully briefed by the parties, and for the reasons that follow, I disagree with the Commonwealth.

II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

RLUIPA prohibits governments from taking actions that impose a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that imposition of that burden furthers "a compelling governmental interest" by "the least restrictive means." 42 U.S.C.A. § 2000cc-1(a), (a)(2). "Religious exercise" is broadly defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A). Under RLUIPA, the inmate plaintiff bears the burden of proving that the challenged prison practice or lack of religious accommodation places a substantial burden on his exercise of sincere, religious beliefs. § 2000cc-2(b). Once a plaintiff carries this burden, the government must prove that the imposition of the burden (or refusal to accommodate plaintiff's beliefs) furthers a compelling interest by the least restrictive means. § 2000cc-1(a)(1). RLUIPA does not define "substantial burden." The Fourth Circuit has adopted the *Thomas* definition of the term, which provides that "a substantial burden on religious exercise occurs when a state or local government through act or omission 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Lovelace v. Lee,* 472 F.3d 174, 187 (4th Cir. 2006) (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.,* 450 U.S. 707, 718 (1981)).

The Commonwealth points to a recent decision in a similar case in the Eastern District of Virginia, and the court of appeals' unpublished affirmance of

that decision, to support its contention that the NGE is not a religion as a matter of law. *Versatile v. Johnson*, No. 3:09CV120, 2011 WL 5119259 (E.D. Va. Oct. 27, 2011), *aff'd*, 474 F. App'x 385 (4th Cir. 2012) (unpublished).  This argument is problematic for several reasons.  First, the unpublished opinion of the court of appeals is not binding precedent in this circuit.  Second, the court of appeals affirmed the decision of the district court without discussion, so I cannot determine on what grounds the court of appeals chose to affirm the district court's ruling.  Third, the district court in *Versatile* was decided after an evidentiary hearing, and its decision was based upon factual determinations from that evidence.

Other similar cases share the same characteristics.  *Coward v. Jabe*, Nos. 1:10cv147(LMB/TRJ), 11-6754, 2012 WL 6651929 (E.D. Va. Dec. 19, 2012); *Johnson v. Jabe*, No. 7:09cv00300, 2011 WL 2493763 (W.D. Va. June 22, 2011), *aff'd*, 456 F. App'x 318 (4th Cir. 2011) (unpublished).  In each of these cases the court decided that based upon the record before it, the NGE did not meet the legal definition of a religion.

In this case, Allah might present evidence that is different from that presented to other courts that have decided similar cases.  Perhaps he subscribes to beliefs that are not identical to those presented in other cases.  At least one court has found, based on the record evidence before it following a bench trial, that the

NGE is a religion entitled to protection under RLUIPA.  *Marria v. Broaddus*, No. 97 Civ. 8297 NRB, 2003 WL 21782633 (S.D.N.Y. July 31, 2003).

I cannot conclude, without evidence before me, that the NGE is not a religion as a matter of law.  Similarly, at this stage of the proceedings, I cannot determine whether the VDOC's actions are the least restrictive means of furthering a compelling government interest.  Accepting the plaintiff's well-pleaded factual allegations as true, I find that Allah has stated a plausible claim for violation of RLUIPA that is sufficient to survive the Commonwealth's motion to dismiss.[3]

### III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 14) is DENIED.

ENTER:   January 8, 2013

/s/  James P. Jones
United States District Judge

---

[3] Of course, my decision does not preclude the Commonwealth from moving for summary judgment, where the court would determine whether there are genuine issues of material fact justifying a trial.