# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **INFINITE ALLAH,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12CV00033 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **COMMONWEALTH OF VIRGINIA,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*James A. DeVita, Arlington, Virginia, for Plaintiff; Lara Kate Jacobs Todd, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant.*

In this action under 42 U.S.C.A. § 2000cc(1)(a) (West 2012), the plaintiff Infinite Allah, a state prisoner, claims that the decision of the Virginia Department of Corrections ("VDOC") to deny religious recognition to his religious group, called the Nation of Gods and Earths ("NGE"), and restrict him and other NGE members from meeting or holding religious services, violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and fails to serve a compelling governmental interest. The plaintiff seeks injunctive relief to require VDOC to recognize NGE as a religious group and permit it to meet and hold services. The defendant Commonwealth of Virginia ("Commonwealth"), has now moved for summary judgment. For the reasons set forth below, I will deny the motion.

I

The underlying facts of this dispute are set forth more fully in two previous opinions of the court.  *Infinite Allah v. Virginia*, No. 2:10CV00075, 2011 WL 251214 (W.D. Va. Jan. 25, 2011); *Infinite Allah v. Virginia*, No. 2:12CV00033, 2013 WL 101665 (W.D. Va. Jan. 8, 2013).  In its Motion for Summary Judgment, the Commonwealth argues that (1) the plaintiff has failed to show that VDOC's denial of recognition of NGE as a religious group substantially burdened his religious exercise; (2) NGE is not a religion; and (3) even if NGE is a religion, the burden imposed is the least restrictive means of furthering the compelling governmental interest in prison security.  The plaintiff in turn argues that there are genuine issues of material fact with regard to (1) whether NGE is a religion; (2) whether VDOC's actions constitute a substantial burden on the plaintiff's religious exercise; (3) whether VDOC's actions are the least restrictive means of insuring prison security; and (4) whether NGE constitutes a security threat.

The plaintiff and the Commonwealth dispute many material facts, especially the existence and extent of NGE prison gang activity.  The plaintiff claims that there has been no such NGE activity between April 2002 and November 2012 (the time of his association with NGE).  The Commonwealth disagrees, and submitted affidavits from several prison officials to that effect.  The plaintiff also disagrees with the Commonwealth's assertions that NGE stresses black supremacy, that

NGE is a gang, and that NGE infiltrates the religious services of other recognized groups.

The Commonwealth's Motion for Summary Judgment has been fully briefed and is ripe for decision.

II

Summary judgment is appropriate when the pleadings and affidavits show that there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

RLUIPA protects the religious exercise of institutionalized persons. The general rule of RLUIPA states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person —
>
> > (1) is in furtherance of a compelling governmental interest; and
> >
> > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.A. § 2000cc-1(a)(1)-(2) (West 2012). RLUIPA assigns burdens as follows:

> If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.

42 U.S.C.A. § 2000cc-2(b) (West 2012). If the plaintiff shows prima facie evidence of a RLUIPA violation and demonstrates that the defendant has substantially burdened the plaintiff's religious exercise, then "the government must prove that the burden in question is the least restrictive means of furthering a compelling governmental interest." *Smith v. Ozmint*, 578 F.3d 246, 250 (4th Cir. 2009).

The Fourth Circuit has a well-settled definition of what constitutes a substantial burden under RLUIPA:

> [A government] policy imposes a substantial burden on religious exercise if it puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, or forces a person to choose between following the precepts of her religion and forfeiting governmental benefits, on the one hand, and abandoning one of the precepts of her religion on the other hand.

*Ozmint*, 578 F.3d at 251 (alterations, citations and internal quotation marks omitted). Because of its decentralized structure, it is difficult to ascertain what

religious practices NGE mandates. However, while "the fact that a particular practice is in fact mandated is surely relevant to determining whether the burden is substantial[,]" RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Parks-El v. Fleming*, 212 F. App'x 245, 247 (4th Cir. 2007) (unpublished) (citations and internal quotation marks omitted). RLUIPA protects personal religious practices, and not just institutional religious practices.[1] Thus, VDOC could substantially burden the plaintiff's individual religious exercise even if NGE should not be considered an institutional religion, or if the plaintiff practices NGE in a way that differs from NGE's literature. The plaintiff states that he has been "placed in the untenable

---

[1] RLUIPA requires individualized analysis. While *Harrison v. Watts*, 609 F. Supp. 2d 561 (E.D. Va. 2009), was cited by both parties as to the issue of whether NGE constitutes a religion, the court's analysis there was specific to the plaintiff, who testified that he viewed NGE as a secular way of life rather than a religion. *Id.* at 572. Considering the plaintiff's testimony, the court reasoned:

> [W]here an inmate charges prison officials with interfering with his right to practice his religion, determination of whether his professed beliefs are sincerely held and religiously motivated is a difficult but necessary question for courts to decide. . . . Yet, however difficult such an inquiry might be in some cases, it is quite simple and straightforward in this case because plaintiff has been quite candid and forthright from the outset that he does not consider his beliefs to be religiously motivated, but instead to comprise a way of life or culture that impel him to act in certain manners.

*Id.* at 572-73 (citations and internal quotation marks omitted). For another example of how RLUIPA analysis is specific to each plaintiff, see *Versatile v. Johnson*, No. 3:09CV120, 2011 WL 5119259, at *30 (E.D. Va. Oct. 27, 2011) ("[T]his Court does not hold that NGE is not religion in *all* cases; rather, the Court finds that, given the record in this *particular* case, Versatile cannot carry his burden of persuasion to that end.").

position of having to make a choice between participating in religious activities or incurring disciplinary action." (Pl.'s Am. Compl. ¶ 8.)  Since the "substantial burden" determination is individualized, and since the plaintiff argues that the Commonwealth's refusal to recognize NGE as a religion makes him violate his personal beliefs because he is unable to (1) congregate with other NGE members, (2) wear religious clothing, (3) pray with others, (4) fast or follow a religious diet, or (5) receive copies of religious texts without being subject to disciplinary action, there is a genuine dispute of material fact as to whether the plaintiff is substantially burdened in his religious exercise.  Accordingly, the Commonwealth's motion must be denied.

While some courts have considered whether NGE as an institution is a religion,[2] RLUIPA sets forth a broad definition of "religious exercise" that extends beyond institutional religions.  Section 42 U.S.C.A. 2000cc-5(7)(A) of RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C.A. § 2000cc-5(7)(A) (West 2012).  Under RLUIPA, the plaintiff must demonstrate that his religious beliefs are sincerely held in order to establish a protected right. *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005).  However, a court may "not judge the significance of the particular belief or practice in question." *Ozmint*, 578 F.3d at

---

[2] *See, e.g.*, *Marria v. Broaddus*, No. 97 Civ.8297 NRB, 2003 WL 21782633, at *9 (S.D.N.Y. July 31, 2003) (discussing "the Nation's apparent legitimacy outside prison").

251 (citations and internal quotation marks omitted).  Even if the plaintiff practices his religion in a way that differs from mainstream practices in his religion, his religious exercise is protected.  *See Lovelace v. Lee*, 472 F.3d 174, 188 (4th Cir. 2006) ("[A]n inmate's right to religious exercise is substantially burdened by a policy, like the one here, that automatically assumes that lack of sincerity (or religiosity) with respect to one practice means lack of sincerity with respect to others.").  The plaintiff has raised a genuine issue of material fact as to whether his religious exercise has been substantially burdened, even if NGE does not constitute an institutional religion or if other professed members of NGE engage in gang activity.  *See Marria,* 2003 WL 21782633, at *17 ("There are prisoners who would describe themselves as Catholics, Protestants, Jews, Muslims, NOI, etc. who likewise violate prison regulations . . . but no one would suggest that such facts preclude the classification of these recognized groups as religions deserving of First Amendment protection.").

   Another crucial issue in this case is whether VDOC has chosen the least restrictive means to achieve its compelling interest in prison security.  The Fourth Circuit has stated that when the government attempts to demonstrate that it has chosen the least restrictive means, the state's "first job is to take the unremarkable step of providing an explanation for the policy's restrictions that takes into account any institutional need to maintain good order, security, and discipline or to control

costs." *Ozmint*, 578 F.3d at 252 (citations and internal quotation marks omitted). This explanation cannot be conclusory — the governmental entity should provide a "substantive, relevant explanation." *Id.* at 253. Here, the Commonwealth has offered affidavits from prison officials, but did not give the dates and times of the alleged NGE incidents, or explain why the restrictions are still necessary in the absence of NGE incidents. Given that the alleged incidents of violence by NGE members are in dispute, there is a question of whether VDOC has chosen the least restrictive means of furthering prison security by denying religious recognition and meeting privileges to NGE. In light of these issues, summary judgment is not appropriate. *See, e.g.*, *Panayoty v. Annucci*, 898 F. Supp. 2d 469, 486, 489 (N.D.N.Y. 2012) (denying prison officials' motion for summary judgment on RLUIPA claims from NGE inmates and noting that the decreased restrictions on NGE since *Marria* apparently did not produce increased gang violence in NY prisons); *Hardaway v. Haggerty*, No. 05-70362, 2010 WL 1131446, at *6 (E.D. Mich. Mar. 22, 2010) (denying both parties' motions for summary judgment so a trial could be held on whether designating NGE as a security threat group and completely banning NGE literature were the least restrictive means of advancing prison security).

      Prison security concerns clearly require special consideration. The Supreme Court has stated, "We do not read RLUIPA to elevate accommodation of religious

observances over an institution's need to maintain order and safety." *Cutter*, 544 U.S. at 722. The Court explained:

> We have no cause to believe that RLUIPA would not be applied in an appropriately balanced way, with particular sensitivity to security concerns. While the Act adopts a compelling governmental interest standard, context matters in the application of that standard. Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions.

*Id.* at 722-23 (citations and internal quotation marks omitted). However, the fact that security issues are a special concern does not mean that a grant of summary judgment is warranted in this case. Rather, the Fourth Circuit has stated that "'a court should not rubber stamp or mechanically accept the judgments of prison administrators'" when assessing whether a prison is engaging in the least restrictive means of furthering security. *Couch v. Jabe*, 679 F.3d 197, 201 (4th Cir. 2012) (citing *Lovelace*, 472 F.3d at 190). In this case, even though the Commonwealth has cited security concerns for its decisions regarding NGE, there are genuine disputes of material fact such that summary judgment is not warranted.

III

For the reasons stated, it is **ORDERED** that the defendant's Motion for Summary Judgment (ECF No. 32) is DENIED.

      ENTER: September 27, 2013

      /s/ James P. Jones
      United States District Judge