## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **INFINITE ALLAH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12CV00033 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*James A. DeVita, Arlington, Virginia, for Plaintiff; Lara Kate Jacobs Todd, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant.*

In this action by a state prisoner under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.A. § 2000cc(1)(a) (West 2012),  the plaintiff disclosed that he intends to call at the upcoming bench trial an expert witness, Theodore R. Swedenburg, Ph.D, a professor of anthropology at the University of Arkansas, to testify as to the religious character of the Nation of Gods and Earths ("NGE"), to which the plaintiff claims to be affiliated.  The defendant Commonwealth of Virginia ("Commonwealth") has moved to exclude Dr. Swedenburg from testifying on the grounds that his expert report is deficient and his expected testimony is inadmissible under Federal Rule of Evidence 702. The motion has been fully briefed and is ripe for decision.

For the reasons set forth hereafter, I will deny the Commonwealth's motion.

I

The plaintiff claims that the decision of the Virginia Department of Corrections ("VDOC") to deny religious recognition to NGE, and restrict him and other NGE members from meeting or holding religious services, violates RLUIPA and fails to serve a compelling governmental interest. The plaintiff seeks injunctive relief to require VDOC to recognize NGE as a religious group and permit him to meet with and hold religious services with other NGE adherents and possess and exchange NGE written materials. RLUIPA protects the religious exercise of institutionalized persons and one of the disputed issues in this case is whether NGE does constitute a religion or is, in fact, the disguise for a prison gang.

The plaintiff has provided the Commonwealth with a report from Dr. Swedenburg which is identical to a report that he prepared in 2003 in a similar case filed in the United States District Court for the Northern District of New York in which he had been disclosed as an expert.[1] In addition, counsel for the Commonwealth took the discovery deposition of Dr. Swedenburg, a transcript of which has been filed with the Commonwealth's motion. In both the report and in his deposition in the present case, Dr. Swedenburg expressed the opinion that NGE is properly classified as a religion from an anthropological point of view, based

---

[1] In that case the court found from the evidence that the inmate plaintiff's sincere beliefs as a member of NGE were "religious in nature" and thus entitled to protection under RLUIPA. *Marria v. Broaddus*, No. 97 Civ.8297 NRB, 2003 WL 21782633, at *12 (N.D.N.Y. July 31, 2003).

upon his knowledge of pertinent literature, including NEG materials.  He admitted that he has no experience with prisons, including the Virginia prison system, and has not talked with the plaintiff or with any other NGE members in prison.

The federal civil rules require pretrial disclosure of any retained expert who may testify at trial, to be accompanied by a signed written report prepared by the expert, which report sets forth, among other things, all of the opinions of the expert.  Fed. R. Civ. P. 26(a)(2)(B).  If a party fails to provide such a disclosure, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  While the subject report did not fully and technically comply with the rules — for example, it was not signed by Dr. Swedenburg — I find that these failures were harmless in light of the information provided by Dr. Swedenburg in his lengthy deposition.[2]

The Federal Rules of Evidence allow expert evidence under certain circumstances.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[2]    It is also argued that the report fails to meet the requirements of the rule because it is identical to the report provided in the 2003 case in another court, but I find no violation on that basis.   The reliability of the report's opinions may be thus impeachable, but the report itself is not faulty.

>    (a) the expert's scientific, technical, or other specialized
> knowledge will help the trier of fact to understand the evidence or to
> determine a fact in issue;
>
>    (b) the testimony is based on sufficient facts or data;
>
>    (c) the testimony is the product of reliable principles and
> methods; and
>
>    (d) the expert has reliably applied the principles and methods to
> the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court interpreted this rule as placing the court in a "gatekeeping role" between expert evidence and the trier of fact. 509 U.S. at 589, 597. Accordingly, the court is tasked with determining whether the proponent has established by a preponderance of the evidence that the expert's opinion is admissible. *See id.* at 593 n.10 (citing *Bourjaily v. United States,* 483 U.S. 171, 175-76 (1987)); Fed. R. Evid. 104(a). In a subsequent case, the Court held that *Daubert* applies to all forms of expert evidence and that courts have "considerable leeway" in determining the admissibility of such evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The Commonwealth contends that Dr. Swedenburg's opinions are not admissible because they have no relevancy to the particular facts of this case, in that he has no knowledge or experience in the field of corrections. It is also argued

that his deposition testimony indicated that his knowledge of NGE was incomplete or faulty, making his opinions untrustworthy.

It is certainly true that Dr. Swedenburg's opinions are limited as to their relevancy. In determining whether RILUPIA has been violated, the court must conduct an individualized analysis. While the general characteristics of NGE are relevant, they do not answer all of the questions in this case. Dr. Swedenburg obviously cannot opine as to the plaintiff's religious sincerity, the characteristics of NGE groups within the prison, or the legitimate security concerns of prison administrators. Nevertheless, in his limited role, Dr. Swedenburg's opinions are not irrelevant. Moreover, while there may certainly be reliability issues as to those opinions, as raised in his deposition, those go to the weight of his evidence, and not as to its admissibility.

It must be also remembered that no jury is involved in this case. The gatekeeping function of the court is relaxed where a bench trial is to be conducted, as in this case, because the court is better equipped than a jury to weigh the probative value of expert evidence. *United States v. 100.01 Acres in Buchanan Cnty., Va.*, No. 1:00CV00185, 2002 WL 923925, at \*2 (W.D. Va. May 7, 2002). Indeed, "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004). "[W]here the factfinder and the gatekeeper are

the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006).  "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).

## II

For the reasons stated, it is **ORDERED** that the Motion to Exclude Plaintiff's Expert's Report and Expert Testimony at Trial (ECF No. 37) is DENIED.

ENTER:   September 27, 2013

/s/  James P. Jones
United States District Judge